IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TACCONELLI'S EMPIRE, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16- |
| v. | : | |
| | : | |
| MERCER CAFÉ II, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW Plaintiff, Tacconelli's Empire, LLC, (hereinafter "Empire"), by and through its undersigned counsel, and for its complaint against Defendant, Mercer Café II, LLC, (hereinafter "Mercer"), alleges and avers as follows:

## PARTIES

1. Empire is a New Jersey limited liability company, having a place of business at 27 West Main Street, Maple Shade, New Jersey 08052.

2. Mercer is a Pennsylvania limited liability company, having a place of business at 4920 South 15th Street, Philadelphia, Pennsylvania 19112.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Count I of this complaint under 28 U.S.C. §1338(a) and 15 U.S.C. §1121 in that the cause of action stated therein arises under the Trademark Laws of the United States and, particularly, 15 U.S.C. §§1114. This Court has jurisdiction over Count II under 28 U.S.C. §1367.

4. Personal jurisdiction over Mercer is proper in that Mercer resides in and conducts business in this district. Venue is proper under 28 U.S.C. §1391.

## FACTS APPLICABLE TO ALL COUNTS

5. The service mark TACCONELLI'S PIZZERIA has been in use by the Tacconelli family in the greater Philadelphia area since the early 1900's and has acquired a reputation for excellence.

6. In 1997, Vincent Tacconelli, Jr. (hereinafter "Vincent, Jr.") acquired all of the assets of the business, including the service mark TACCONELLI'S PIZZERIA, from his father, Vincent Tacconelli, Sr.

7. On March 25, 2003, the United States Patent and Trademark Office issued Service Mark Registration No. 2,700,210 to Vincent, Jr. for the mark TACCONELLI'S PIZZERIA. A copy of the registration is attached hereto as Exhibit A.

8. The registration has become incontestable pursuant to 15 U.S.C.§1065 and was renewed by Vincent, Jr. in 2012. Accordingly, the registration remains in full force and effect.

9. On August 24, 2015, Vincent, Jr. assigned all of his rights to the service mark and registration, including the goodwill thereof, to Empire.

10. Pursuant to 15 U.S.C.§1057(b), a certificate of registration is prima facie evidence of the validity of the registered mark, of Empire's ownership of the mark and of Empire's exclusive right to use the mark.

11. On June 4, 2015, Vincent, Jr. licensed Mercer to utilize the mark TACCONELLI'S PIZZERIA in connection with restaurant services. A copy of the Service Mark License Agreement (hereinafter "Agreement") is attached hereto as Exhibit B.

12. When Vincent, Jr. assigned the registration and service mark to Empire, the company became the licensor under the Agreement.

13. Pursuant to Paragraph 2.1 of the Agreement, Mercer was obligated to pay royalties based on its gross sale of pizzas under the mark.

14. Mercer failed to make payments or provide monthly reports as required by Section 2.4 of the Agreement for the months of January, February and March 2016. After demand was made for the unpaid licensing fees, Mercer was properly advised that the Agreement was being terminated and that the license was being revoked pursuant to Section 6.1.a(i) of the Agreement.

15. Despite the fact that the Agreement was properly cancelled, Mercer continues to utilize the mark TACCONELLI'S PIZZERIA.

**COUNT I - INFRINGEMENT OF FEDERALLY REGISTERED SERVICE MARK**

16. Empire repeats the allegations of paragraphs 1-15 above as if fully set forth herein.

17. Mercer's continued use of the name TACCONELLI'S PIZZERIA after the Agreement was cancelled, is without permission or authority of Empire and is likely to

cause confusion, to cause mistake or to deceive and is, therefore, an infringement of Empire's federally registered rights under 15 U.S.C. §1114.

## COUNT II – BREACH OF CONTRACT

18. Empire repeats the allegations of paragraphs 1-17 above as if fully set forth herein.

19. Mercer's nonpayment of the royalties that were due is a breach of the Agreement entitling Empire to damages.

20. Mercer's continued use of the name TACCONELLI'S PIZZERIA after the Agreement was cancelled is also a breach of the Agreement entitling Empire to additional royalty damages and injunctive relief.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That Defendant, its agents, servants, employees and attorneys and all those persons in active concert or participation with it who receive actual notice hereof be enjoined pendente lite and thereafter from utilizing the name TACCONELLI'S PIZZERIA or any name or mark that includes the term TACCONELLI therein in connection with restaurant services.

B. That Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant and, in addition, the damages sustained by Plaintiff as a result of Defendant's infringement and breach of contract, together with legal interest from the date of accrual thereof and that, because of the

willful nature of such infringement, and pursuant to 15 U.S.C. §1117, the Court enter judgment for three times the amount of said damages.

      C.    That pursuant to 15 U.S.C. §1117 and paragraph 7.7 of the Agreement, Defendant be required to pay Plaintiff the cost of this action and attorneys' fees.

      D.    That Plaintiff has such other and further relief as this Court deems just and proper.

Dated: May 13, 2016

Respectfully submitted,

_____
Anthony J. DiMarino, III, Esq.
Emmett S. Collazo, Esq.
**A.J. DiMARINO, P.C.**
41 Grove St.
Haddonfield, NJ 08096
856-853-0055
Counsel for Plaintiff
Tacconelli's Empire, LLC

Of Counsel:

Norman E. Lehrer, Esq.
Norman E. Lehrer, P.C.
1205 North Kings Highway
Cherry Hill, NJ 08034
856.429.4100

Stephen H. Frishberg, Esq.
Kline, Topolewski, & Frishberg
123 S. Broad Street, Suite 2170
Philadelphia, PA 19109
267.800.4313